UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES BLAIR STAFFORD, | ) |
| Petitioner, | ) |
| v. | ) CAUSE NO. 3:17-CV-233-RLM-MGG |
| SUPERINTENDENT, | ) |
| Respondent. | ) |

## OPINION AND ORDER

James Blair Stafford, a prisoner without an attorney, filed a habeas corpus petition challenging the prison disciplinary hearing (IYC 16-09-11) in which a disciplinary hearing officer found him guilty of possession of a cellular device in violation of Indiana Department of Correction policy A-121. On administrative appeal, Mr. Stafford's charge was amended to conspiracy to possess a cellular device in violation of IDOC A-111/A-121. Mr. Stafford lost 120 days earned credit time and was demoted from Credit Class 1 to Credit Class 2.

Mr. Stafford argues that the hearing officer didn't have sufficient evidence to find him guilty. In the disciplinary context, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Superintendent v. Hill, 472 U.S. 445, 455-456 (1985). "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's

decision to revoke good time credits has some factual basis." McPherson v. McBride, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

The Department of Correction defines offense A-111 as, "[a]ttempting or conspiring or aiding and abetting with another to commit any Class A offense." Adult Disciplinary Process, Appendix I. http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf. The Department of Correction defines offense A-121 as, "[u]nauthorized use or possession of any cellular telephone or other wireless or cellular communications device." *Id.* The conduct report charged Mr. Stafford as follows:

> On 9/8/16 I S. Puckett Found that offender Stafford #966294 has an active Facebook page under the name James Droffats. Stafford posted two pictures that was either taken at Housing unit West or Central in one of the rooms. As offenders do not have access to cameras or cell phones this had to have been done with a Cell phone.

ECF 4-1.

The hearing officer had sufficient evidence to find Mr. Stafford guilty of violating IDOC A-111/A-121. The pseudonym "James Droffats" is Petitioner James

2

Stafford's last name spelled backwards. The hearing officer considered photographs from the Facebook page, which included photographs of Mr. Stafford. The Facebook page was updated and had photographs added in July 2016, while Mr. Stafford was incarcerated at the Plainfield Correctional Facility. The photographs are close-up images of Mr. Stafford's back. Mr. Stafford contends that "[t]here is absolutely 'NO' evidence a phone was present in this photograph." This is untrue. The photographs are some evidence that a phone was present. Given (1) the observations of the reporting officer that the photographs were taken inside a cell in the prison; (2) Mr. Stafford's admission that the photographs were of his back; and (3) that the photographs were posted on Facebook while Mr. Stafford was incarcerated at Plainfield Correctional Facility, it wasn't arbitrary for the hearing officer to have concluded that the photographs were taken using a cell phone. Thus, Mr. Stafford is not entitled to habeas corpus relief based on the sufficiency of the evidence.

Mr. Stafford also argues that his rights were violated when his charge was amended on administrative appeal without a new hearing. Prisoners are entitled to notice of the basis of the charges against them, as well as a hearing in which to defend themselves. Wolff v. McDonnell, 418 U.S. 539, 564 (1974). These requirements are satisfied even if the charge is amended during, or even after, the disciplinary hearing, so long as the underlying factual basis of the original charge was adequate to give the prisoner notice of the allegations against him, and the

3

defense to the amended charge would be the same as the defense to the original charge. Northern v. Hanks, 326 F.3d 909, 910 (7th Cir.2003); Portee v. Vannatta, 105 F. App'x 855, 856 (7th Cir. 2004). Here, the same factual allegations were used to support the finding of guilt for the A-111/A-121 conspiracy charge as were used in the original A-121 charge. While Mr. Stafford argues that his defenses to the two charges "are completely different," he doesn't explain how the defenses are different. In fact, Mr. Stafford's petition belies his claim. He defended the A-121 charge on the basis that his back was photographed, so he couldn't have been the person holding the phone. He also argued that there is no evidence that the photograph was taken by a cell phone. He makes the same arguments in his petition seeking habeas corpus. Because the two charges relied on the same factual allegations and involved the same defenses, Mr. Stafford isn't entitled to habeas corpus relief.

For these reasons, the court DENIES the petition (ECF 1). The clerk is DIRECTED to enter judgment accordingly.

SO ORDERED.
ENTERED: September 11 , 2017.     /s/ Robert L. Miller, Jr.
                                  Judge
                                  United States District Court